United States District Court
Southern District of Texas

**ENTERED**

November 24, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROMERO  BROWN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-277 |
| | § | |
| TEXAS BOARD OF PARDONS AND | § | |
| PAROLES, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding *pro se*, Petitioner filed a habeas petition under 28 U.S.C. § 2241 on October 29, 2020, claiming he is not in custody pursuant to a state judgment and the TDCJ is violating his due process rights by keeping him in custody.  (D.E. 1 and D.E. 2).  Petitioner asserts his life sentence ceased to operate after 40 years and he should have been released on mandatory supervision at that time.  For the reasons discussed below, it is recommended that this case be construed as a 28 U.S.C. § 2254 petition[1] and **DISMISSED** prior to service

---

[1]While Petitioner filed this case under §2241, his petition should be construed as one under §2254 because he is a state prisoner who is challenging the length of his sentence.   While Petitioner claims he is challenging the prison's calculation of his sentence, his argument instead attacks the underlying Texas mandatory supervision and parole statutes and how they apply to sentences. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (State prisoners who allege they are improperly being denied good conduct credit that would result in their speedier release from prison fall under § 2254) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (§2254 is the remedy

pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254

Cases because it is clear from the Petition and attached exhibits that Petitioner is not

entitled to relief.[2]

I.      DISCUSSION

In his petition and attached memorandum of law, Petitioner states he was

sentenced to life imprisonment for capital murder on January 25, 1996 in Tarrant County,

Texas.  (D.E. 2, Pages 1-2).  The TDCJ lists Petitioner's projected release date as a life

sentence for capital murder with parole eligibility on January 3, 2034.[3]  Petitioner asserts

40 years is the maximum term of imprisonment for a life sentence and therefore his

continued imprisonment violates his due process rights because he has a liberty interest in

being released on mandatory supervision.  (D.E. 2).  Petitioner argues his sentence

expired on January 3, 2009 when his actual time served plus his good conduct time

credits totaled 40 years.  (D.E. 2, Page 2).

---

for a state prisoner seeking speedier release from imprisonment based on the application of good
conduct time) (other citations omitted)).

[2]Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss
frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the
state.  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  Specifically, the rule states that "[i]f
it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to
relief in the district court, the judge must dismiss the petition and direct the clerk to notify the
petitioner."  28 U.S.C. § 2254, Rule 4.  This power of the district court is rooted in "the duty of
the court to screen out frivolous applications and eliminate the burden that would be placed on
the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. §
2254 Rule 4 Advisory Committee Notes).

[3]Release date and parole eligibility information is available on the TDCJ website by searching
for an offender's name.  *See* https://offender.tdcj.texas.gov/OffenderSearch/ (last visited
November 19, 2020).

Petitioner's argument is without merit as he is ineligible for release to mandatory supervision.   In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside of the correctional institution under the supervision and control of the pardons and paroles division.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted).  Prisoners earn good conduct time credits which are added to their actual days served in prison to calculate their release date to mandatory supervision.  Tex. Gov't § 508.147.  Good time credits do not actually reduce an inmate's sentence, applying only to eligibility for mandatory supervision.  *Clay v. Lumpkin*, No. A-19-CV-1241-RP, 2020 WL 5865986, at *3 (W.D. Tex. Oct. 1, 2020) ("As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not otherwise have any effect on the length of sentence imposed on an inmate) (citations omitted).  While the Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program, prisoners who commit certain offenses are ineligible for participation in this program. *Malchi*, 211 F.3d at 957-58; Tex. Gov't Code § 508.149(a).  Capital Murder is an ineligible offense.  *See* Tex. Gov't Code § 508.149(a)(3) (previously Tex. Code Crim. Pro. Art. 42.18, § 8(c)(2)).   Therefore, as Petitioner is not eligible for release to mandatory supervision, he has failed to state any grounds for federal habeas relief.

To the extent Petitioner asserts he should have been released on parole, release on parole is entirely speculative and therefore, there is no constitutional expectancy of parole in Texas. *See Madison*, 104 F.3d at 768.  As such, an assertion that he was or is being

improperly denied parole does not implicate due process or provide a basis for federal habeas corpus relief. *Greenholtz v. Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7-8 (1979) (States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence); *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995) (There is no liberty interest in obtaining parole in Texas and therefore prisoners "cannot complain of the constitutionality of procedural devices attendant to parole decisions").

Petitioner acknowledges the state court sentenced him to life in prison, not 40 years, and, liberally construing his complaint, he has not shown that any state law passed after his conviction somehow lengthened or shortened his life sentence or otherwise modified his parole or mandatory release eligibility. As previously stated, he has no constitutionally protected liberty interest to be released before the completion of his entire sentence. Therefore, the undersigned recommends Petitioner's case be **DISMISSED**.

Respectfully submitted this 24th day of November 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).